# (March 17, 1983)

■ In the Matter of PAUL T. DEVANE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondent was admitted to the Bar by this court on July 16, 1968 and maintains an office for the practice of law in the City of Albany. In this proceeding to discipline him for professional misconduct, petitioner moves to confirm in part and to disaffirm in part the report of the referee to whom the issues were referred. Respondent requests that we confirm the findings favorable to him and disaffirm those that are unfavorable. In sustaining Charge No. 1, the referee found that, after respondent had prepared and submitted motion papers and a proposed order to vacate his client's speeding conviction, he neglected the matter by failing to take any steps to determine whether the order had been signed and a copy forwarded to the Department of Motor Vehicles, assuming incorrectly that the conviction had been vacated and his client's driving license restored. The referee refused to find that respondent misled his client concerning this matter (Charge No. 2). Charge No. 3, having been withdrawn, is not before us. The remaining charges involve respondent's representation of a married couple. The referee found that respondent neglected their claims for personal injury and property damage (Charge No. 4), and misled them as to the status of their matters by failing to advise that their action for property damage had been struck from the calendar for lack of prosecution and that their personal injury claim against a bus company had

been dismissed by court order. In sustaining Charge No. 6, the referee found that respondent was guilty of deceit and misrepresentation in having his clients execute a general release of all claims they had against the bus company, purportedly in consideration of a sum of money paid by the company, which sum respondent actually paid from his own funds (Charge No. 6). These findings are supported by the evidence and should be confirmed. Charge No. 7 alleges that respondent served upon the defendants in each of two actions conformed copies of complaints allegedly verified by his client, when in fact the original complaints had not been verified. The referee sustained the charge. We find the evidence insufficient to establish that a complaint was served upon the defendant in the personal injury action. Accordingly, as to this charge we confirm the referee's findings only with respect to the suit for breach of contract against the insurance company. In determining an appropriate sanction for respondent's misconduct, we note that respondent was admonished by petitioner and its predecessor committee on two prior occasions for neglect of clients' matters. Under the circumstances, we have concluded that respondent should be suspended from the practice of law for a period of six months. Respondent suspended for a period of six months, the date of commencement to be fixed in the order to be entered hereon. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.